```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-13-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

DONNA LEAK,

                 Plaintiff,

- against -

LOCAL 32BJ, SEIU, et al.,

                 Defendants.

**REPORT AND RECOMMENDATION**

09 Civ. 8462 (SHS) (RLE)

**To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

## I. INTRODUCTION

On October 6, 2009, *pro se* Plaintiff Donna Leak filed the instant Complaint alleging the violation of Title 1 of the Labor Management Reporting and Disclosure Act ("LMRDA") 29 U.S.C. §§ 411- 415. On April 20, 2010, she filed a motion to amend her Complaint. (Doc. No. 27.) Pending before the Court are motions by Defendants Allied International Union ("AIU") and Local 32BJ SEIU ("Local 32BJ") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 10, 14.) For the reasons that follow, I recommend that Defendants' Motions be **GRANTED**, and Leak's motion to amend her Complaint be **DENIED**.

## II. BACKGROUND

Leak asserts that she suffered emotional distress while working as a security guard for AlliedBarton Security Services, LLC ("AlliedBarton"). Her claims arise out of labor relations negotiations between AlliedBarton, New York City's Department of Citywide Administrative Services ("DCAS"), AIU, and Local 32BJ. Leak was demoted from her supervisory position with AlliedBarton on April 4, 2008. (Compl., unnumbered exhibit.) Prior to 2006, Tristar, Leak's former employer, contracted with DCAS to provide security services. (Mem. of Law in Supp. of Def. Allied International Union's Mot. to Dismiss for Failure to State a Claim ("AIU's Mem."))

at 6.) Then, in 2006, AlliedBarton took over the DCAS contract. (*Id.*) On January 24, 2008, the National Labor Relations Board ("NLRB") approved a settlement "where AlliedBarton recognized AIU as the exclusive bargaining representative of the security guards employed in the DCAS bargaining unit." (*Id.* at 6.) At the same time, AlliedBarton agreed that it would *not* recognize Local 32BJ as the union representative of the security guards until a majority of the guards selected Local 32BJ to represent them. (*Id.* at 7.) On June 20, 2008, AlliedBarton and AIU entered into a collective bargaining agreement. (*Id.*) AIU and Local 32BJ jointly released a statement on October 2, 2008, stating that Local 32BJ would replace AIU "as the exclusive bargaining representative of DCAS security guards if a majority of these guards showed support for Local 32BJ." (*Id.*) Finally, on October 24, 2008, Local 32BJ was certified as the exclusive bargaining representative of DCAS security guards employed by AlliedBarton, and AlliedBarton agreed to recognize Local 32BJ as the exclusive bargaining representative of the security guards who were employed at the DCAS worksite. (*Id.*)

Leak's Complaint does not lay out allegations and facts systematically, but the Court will construe the allegations liberally in accordance with Leak's *pro se* status. However, in construing her allegations, the Court notes two oddities of the Complaint: (1) at times, Plaintiff refers to herself as Kyle Jiggetts, who has several similar lawsuits pending in this Court; and (2) pages five through eleven of Leak's Complaint are identical to the complaint in *Jiggets v. Local 32BJ, et al.*, 09 Civ. 8472, and appear to allege events participated in by Jiggetts, not Leak. Nevertheless, the Court has assessed Leak's allegations considering the entirety of his Complaint.

Leak asserts that after her demotion, she contacted AIU to file a grievance and "they didn't care." (Compl., unnumbered exhibit.) She claims that she "signed a petition to join Local

2

32BJ SEIU to get rid of Allied International Union" while employed at TriStar and AlliedBarton, and that "Local 32BJ reps gave my petitions to AlliedBarton" without her vote or permission. (*Id.*) She claims that AlliedBarton "discriminated" against her. (*Id.*) She also alleges that Local 32BJ ignored her complaints, and told her to "stop thinking about the pass [sic]." (*Id.*) While Leak makes no specific allegation that AIU violated its duty of fair representation to her, the Court construes such an allegation from the Complaint. Leak further alleges that AIU failed to provide her with a copy of the CBA. (*Id.* at 4.)

Defendant AIU argues that Leak's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because (1) it has provided Leak with a copy of the CBA; (2) the statute of limitations for both a CBA copy claim, and a duty of fair representation claim has expired; and (3) Leak has failed to state a LMRDA claim. (AIU's Mem. at 9-11.) Local 32BJ contends that the Complaint should be dismissed pursuant to Rule 12(b)(6) because (1) Local 32BJ was not Leak's collective bargaining representative when she was demoted; and (2) any violation of the duty of fair representation is time-barred. (Mem. of Law in Supp. of Def. Service Employees International Union, Local 32BJ's Mot. to Dismiss ("Local 32BJ's Mem.") at 1.)

### III. DISCUSSION

#### A. Standard of Review for Dismissal Under 12(b)(6)

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper only where plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The test is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. *See Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). In reviewing a Rule 12(b)(6) motion, the court must accept the factual allegations in

the complaint as true, and all reasonable inferences are drawn in the plaintiff's favor. *See EEOC v. Staten Island Sav. Bank*, 207 F.3d 144 (2d Cir. 2000); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Krimstock v. Kelly*, 306 F.3d 40, 47-48 (2d Cir. 2002). A court does not, however, have to accept as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994), *cert. denied*, 513 U.S. 1079 (1995) (citations omitted).

Generally, a *pro se* complaint is reviewed under a more lenient standard than that applied to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). Plaintiffs' *pro se* pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (*quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation and citations omitted). When a defendant challenges the sufficiency of a complaint by a motion under Rule 12(b)(6), "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. V. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). He must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions[,]" *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (quoting 2 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 12.34(1)(b) (3d ed. 1997)), and failure to plead the basic elements of a cause of action may result in dismissal. *Boomer v.*

4

*Lanigan*, No. 00 Civ. 5540 (DLC), 2001 WL 1646725, at *2 (S.D.N.Y. Dec. 17, 2001).

## C. Leak's Conclusory Statements Fail to State a Claim

### 1. Leak Received a Copy of the Collective Bargaining Agreement

Leak asserts that AIU and AlliedBarton violated her right to receive copies of the CBA. (Compl. at 2.) Under LMRDA, "any employee who requests such a copy [of the Collective Bargaining Agreement] and whose rights as such employee are directly affected by such agreement, and in the case of a labor organization other than a local labor organization, to forward a copy of any such agreement to each constituent unit which has members directly affected by such agreement." 29 U.S.C. § 414. Although Leak complains that she did not receive a copy of the CBA, later in her Complaint she states that she had received a copy. (Compl. at 3.) Additionally, she never asked AIU for a copy of the CBA. (AIU's Mem. at 9-10.) Furthermore, she submitted a copy of the CBA with her Complaint. Since Leak has a copy of the Agreement, the issue is moot and she has no § 414 claim.

### 2. Neither AIU nor Local 32BJ Violated Its Duty of Fair Representation

Construing the facts in the light most favorable to Leak, she appears to be making a claim against AIU and Local 32BJ for violation of their respective duties of fair representation. *See* 29 U.S.C. § 185(a) (1976); *Assad v. Mount Sinai Hospital*, 725 F.2d 837 (2d Cir. 1984). Specifically, Leak alleges that she never received benefits as a result of the AIU/AlliedBarton CBA (Compl., July 14, 2009 statement), and she claims that Local 32BJ and AIU representatives ignored her complaints. (*Id.*)

The statute of limitations for all duty of fair representation claims is six months. *DelCostello v. Teamsters*, 462 U.S. 151, 169 (1983); *Assad*, 725 F.2d 837. An exclusive bargaining representative of a group of employees has a "statutory duty to represent [them], both

5

in its collective bargaining . . . and its enforcement of the resulting collective bargaining agreement." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). A union breaches its duty of fair representation when its action are "arbitral, discriminatory, or in bad faith." *Air Line Piolts Association, Int'l. V. O'Neil*, 499 U.S. 65, 67 (1991). The union's actions must be "so far outside a 'wide range of reasonableness' as to be irrational." *Id.* Local 32BJ became the collective bargaining representative on October 24, 2008, and Leak was demoted on April 4, 2008, thus Local 32BJ was not her representative at the time of her demotion, and her claim is untimely and inapplicable as to Local 32BJ.

AIU was Leak's collective bargaining representative at the time of her demotion, but she makes no allegations of a breach from which the Court can construe unreasonable or arbitrary behavior. An alleged failure to respond to a member's complaint cannot, without greater specificity, be considered a plausible demonstration of irrational behavior. Additionally, any allegation of arbitrary behavior that may have occurred prior to April 6, 2009, six months prior to the filing of the Complaint, is time-barred. Therefore, Leak's duty of fair representation claim as to AIU is both non-cognizable, and untimely.

**D. Rule 15 Legal Standard**

Generally, leave of court to amend pleadings should be freely given "when justice so requires." FED. R. CIV. P. 15(a); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *see Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL

4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend may be denied "where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." *Satcom Intern. Group PLC v. ORBCOMM Intern. Partners, L.P.*, No. 98 Civ. 9095 (DLC), 2000 WL 729110, at *23 (S.D.N.Y. June 6, 2000). "The burden to explain a delay is on the party that seeks leave to amend." *Id.* The Court considers many factors when determining prejudice, including but not limited to, "whether opposing counsel would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay the resolution of the dispute." *See Lacher v. C.I.R.*, 32 Fed. Appx. 600, 603, 2002 WL 480576 at *3.

Leak's motion seeks to add AlliedBarton Security Services, LLC ("AlliedBarton"). In her proposed amended complaint, she alleges that (1) AlliedBarton is in collusion with Local 32BJ and AIU; (2) AlliedBarton discriminated against her; and (3) she is being punished by Local 32BJ and AIU for filing a complaint. (*See* Plaintiff's Motion to Amend the Complaint ("Pl.'s Mot.").) She asserts no facts that would support her claims. Although Leak alleges that she pursued a grievance process with Local 32BJ, she does not allege that she grieved to AlliedBarton, as dictated by the collective bargaining agreement. *See DelCostello v. Teamsters*, 462 U.S. 151, 163 (1983). However, Leak's Original Complaint could be construed to allege that Local 32BJ acted in a "discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *See* Compl.; *DelCostello*, 462 U.S. at 164. "In such an instance, an employee may bring suit against both the employer and the union . . . ." *DelCostello*, 462 U.S. at 164. However, the two claims against employer and union "are inextricably interdependent. To prevail against either the employer or the union, . . . [employee-plaintiffs] must not only

7

show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the union. The employee may, if he chooses, sue one defendant, and not the other; but the case he must prove is the same whether he sues one, the other, or both." *Id.* at 164-65.

Since the Court has found that there was no breach of duty of fair representation by either union, Leak's proposed amendment to add AlliedBarton is futile. The unions did not act in a discriminatory, dishonest, arbitrary, or perfunctory manner toward Leak. Any proposed allegation against AlliedBarton is "inextricably interdependent" with allegations against the unions. Since the unions did not breach any duty of fair representation, Leak has failed to meet her burden, and any amendment to add AlliedBarton would fail. As such, I recommend that the proposed amendment to add AlliedBarton be **DENIED.**

## IV. CONCLUSION

In conclusion, I recommend that the Defendants' Motions (Doc. Nos. 10, 14) be **GRANTED** and Leak's Complaint be **DISMISSED.** I further recommend that Leak's motion to amend her Complaint be **DENIED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health &*

*Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: May 18, 2010
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of this Report and Recommendation were sent to:**

*Pro Se* Plaintiff
Donna Leak
1595 Unionport Road, Apt. 9D
Bronx, NY 10462

Counsel for Defendants
Andrew Lee Strom
Office of General Counsel SEIU
101 Avenue of Americas
New York, NY 10013
*Counsel for Local 32BJ, SEIU*

David A. Mintz
Sumanth Bollepalli
Weisman & Mintz
80 Pine Street, 33rd Floor
New York, NY 10005
*Counsel for AIU*